UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| Amanda Frahm,<br><br>        Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a natural person who resided in Frankenmuth, Michigan at all times relevant to this action.

3. Defendant is a Delaware corporation that maintained its principal place of business in Williamsville, New York at all times relevant to this action.

4. Defendant regularly uses the telephone and the United States mail to collect debts owed to others and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Sometime prior to August 3, 2010, Defendant was hired by Capital One to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5), which Plaintiff had allegedly incurred in connection with her use of a credit card for personal or household purposes.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because she is alleged to owe the debt.

7. In or around August 2010, Defendant telephoned Plaintiff's place of employment in connection with the collection of the debt on numerous occasions.

8. During several of these communications, Plaintiff informed Defendant that its calls to her place of employment were extremely inconvenient for her, but Defendant ignored these notices.

9. During several of these communications, Defendant threatened to speak to Plaintiff's Boss if Plaintiff did not pay Defendant.

10. During several of these communications, Defendant threatened to speak to Plaintiff's payroll department if Plaintiff did not pay Defendant.

11. During several of these communications, Defendant falsely represented that legal action was already pending against Plaintiff or would be commenced within 24 hours if Plaintiff did not pay Defendant.

12. On or around August 5, 2010, Defendant telephoned Plaintiff's place of employment on at least six occasions with the intent to harass Plaintiff.

13. On or around August 6, 2010 Defendant telephoned Plaintiff's place of employment on at least five occasions with the intent to harass Plaintiff.

14. On or around August 5, 2010, Defendant telephoned Plaintiff's boss in connection with the collection of the debt without Plaintiff's consent.

15. On or around August 9, 2010, Defendant telephoned Plaintiff's boss in connection with the collection of the debt without Plaintiff's consent.

16. In or around August 2010, Defendant telephoned Plaintiff's mother ("Shari") in connection with the collection of the debt on several occasions without Plaintiff's consent.

17. During the first of these communications, Shari notified Defendant that Plaintiff could not be reached at Shari's residence.

18. During at least one of these communications, Defendant told Shari that Defendant wanted to speak to Plaintiff about a legal matter.

19. At the time of these communications, Defendant already had Plaintiff's location information.

20. Despite already having Plaintiff's location information, Defendant telephoned Plaintiff's cousin-in-law in connection with the collection of the debt on or around August 10, 2010 without Plaintiff's consent.

21. Despite already having Plaintiff's location information, Defendant telephoned Plaintiff's father-in-law in connection with the collection of the debt on or around August 10, 2010 without Plaintiff's consent.

22. Defendant caused Plaintiff embarrassment and emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   233 S. Wacker, Suite 5150
   Chicago, IL 60606
   Telephone:  312-753-7576

>Fax: 312-822-1064
>Email:  tjs@legalhelpers.com
>
>s/ with consent of Lori A. Leigh
>Lori A. Leigh
>17117 W. Nine Mile, Suite 1020
>Southfield, MI 48075
>Telephone: 866-339-1156
>Fax: 248-569-3874
>Email: lal@legalhelpers.com
>Bar # P65423 (Local Counsel)